UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

vs.                                                          Case No. 8:05-CR-401-T-27TBM

ANGELIQUE BINGHAM
_____/

**ORDER**

**BEFORE THE COURT** is Defendant's *pro se* Motion for Reduction of Sentence (Dkt. 181). Upon consideration, Defendant's motion is DENIED.

Pursuant to a written plea agreement, Defendant pleaded guilty to conspiracy to possess with intent to distribute and distribution of fifty (50) grams or more of crack cocaine (Count One). (Dkts. 110, 113, 114, 117). At sentencing, based on a total offense level of 26 and a criminal history category of IV, the guideline imprisonment range would have been 92-115 months imprisonment. However, the offense of conviction carried a minimum mandatory term of imprisonment of 10 years, therefore her guideline range became 120 months imprisonment. Pursuant to the Government's §5K1.1 substantial assistance motion, the Court departed downward and imposed a sentence of 70 months imprisonment. (Dkts. 145, 146, 147, 149, 153).

Pursuant to 18 U.S.C. § 3582(c)(2), a sentence may be adjusted where a defendant's sentencing guideline range is subsequently lowered as a result of an amendment to the Guidelines Manual. U.S.S.G. § 1B1.10(a)(1). For eligible defendants convicted of cocaine base offenses, Amendment 706 has the effect of lowering the base offense level by two levels. The procedure for implementing the amendment is established in § 1B1.10(b), which instructs that the district court "shall" determine the "amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time of sentencing." The first step, therefore, in determining Defendant's eligibility for the two level adjustment is to determine what effect Amendment 706 would have on Defendant's sentencing

-1-

guideline range, if it had been in effect at the time of her sentencing.

As Defendant was subject to a statutory minimum mandatory term of 120 months, Amendment 706, even if it had been in effect the time of Defendant's sentencing, would not have lowered the applicable sentencing guideline range. Accordingly, § 3582(c) does not authorize a reduction in her sentence. "A reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c) if . . . an amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of . . . another statutory provision (e.g., a statutory mandatory minimum term of imprisonment." U.S.S.G. § 1B1.10, comment. (n.1(A)); *see United States v. Eggersdorf*, 126 F.3d 1318, 1321 (11th Cir. 1997), *cert. denied*, 523 U.S. 1013 (1998); *United States v. Dimeo*, 28 F.3d 240 (1st Cir. 1994); *United States v. Williams*, 103 F.3d 57 (8th Cir. 1996); *United States v. Johnson*, 517 F.3d 1020 (8th Cir. 2008); *United States v. Goodman*, 2008 WL 616100 (M.D. Fla. March 3, 2008).

A substantial assistance departure occurs only *after* the Court determines the applicable guideline range, which in Defendant's case, was the statutory minimum mandatory 120 month sentence. USSG § 5G1.1(b):

> The district court's authority to depart downward for substantial assistance appears in section 5K1.1 and represents one of the last steps the court must take in imposing a sentence. See U.S.S.G. § 1B1.1 (directing the court to consider Parts H and K of Chapter 5 as the final step in applying the Guidelines). *Of particular significance, the Guidelines do not contemplate a downward departure for substantial assistance until after the court applies section 5G1.1(b), which establishes that the applicable guideline sentence shall be the mandatory minimum sentence.* Applying the Guidelines in order, therefore, produces a *pre-departure guideline sentence of 120 months* in Head's case. As a result, the district court's decision to use 120 months as the starting point for its downward departure did not transgress section 3553(e)'s direction to make departure decisions in accordance with the applicable guidelines.

*United States v Head*, 178 F.3d 1205, 1208 (11th Cir. 1999) (emphasis added).

Defendant's sentence was not based on a guideline sentencing range which was subsequently lowered by Amendment 706. Her sentence was based on a statutory mandated term of imprisonment. The only statutory authority for sentencing Defendant below that 120 month

minimum mandatory term was 18 U.S.C. § 3553(e), implicated by the Government's substantial assistance motion. Therefore, it is

**ORDERED AND ADJUDGED** that Defendant's *pro se* Motion for Reduction of Sentence (Dkt. 181) is DENIED.

**DONE AND ORDERED** in chambers this 3rd day of February, 2009.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Defendant
Counsel of record
U.S. Probation Office